# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**DEANNA DUZEN,**

      **Plaintiff,**

**v.**                                      **CASE NO.:**

**VECTOR SOLUTIONS, INC.,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Deanna Duzen, by and through undersigned counsel, brings this action against Defendant, Vector Solutions, Inc., and in support of her claims states as follows:

## JURISDICTION AND VENUE

1.      This is an action for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq., and the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3.      Venue is proper in the Middle District of Florida, because Defendant operates its business in this district.

## PARTIES

4.      Plaintiff is a resident of Pinellas County, Florida, and she worked in Hillsborough County for Defendant.

5.      Defendant operates an online learning and performance management business in Hillsborough County, Florida.

**GENERAL ALLEGATIONS**

6.      This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA, ADA, FCRA, and retaliated against Plaintiff for attempting to exercise these same rights.

7.      At the time of these events, Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

8.      Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9.      Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10.     At all times material hereto, Defendant employed fifteen (15) or more employees.  Thus, Defendant is an "employer" within the meaning of the ADA.

11.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

12.     Plaintiff has satisfied all conditions precedent, or they have been waived.

13.     Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

14.     Plaintiff requests a jury trial for all issues so triable.

## **FACTS**

15.     Plaintiff began working for Defendant on or around June 1, 2018.

16.     Plaintiff disclosed her disability, a hearing impairment, to Defendant and Defendant provided Plaintiff with headphones as a reasonable accommodation in order for her to utilize Defendant's phone system and perform her job.

17.     On or about February 2019, Plaintiff began requesting closed captioning for Defendant's internal training videos and the videos distributed to its clients.  Plaintiff made these requests every month thereafter but the closed captioning was never provided by Defendant.

18.     On or about July 2019, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

19.     On or about July 31, 2019, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for herself.  The request included the week of July 21, 2019 followed by intermittent absences of one day per month to care for herself and attend to her medical condition.  Plaintiff was also referred to other health care providers for evaluation or treatment.

20.     On or about the end of August, 2019, Defendant switched to a different phone system which no longer worked with the headphones previously provided by Defendant to Plaintiff as a reasonable accommodation for her disability.  Plaintiff made a request in August 2019 for new headphones to allow her to use the new phone system.

21.    Defendant, at first, told Plaintiff that she would have to purchase her own amplifier online.  After Plaintiff protested this, Defendant then advised Plaintiff that she would need a physician's note prescribing the headphones as a reasonable accommodation.

22.    On October 19, 2019, Plaintiff was required by Defendant to see a physician to prove her need for headphones due to being hearing impaired.

23.    Plaintiff was physically ill while at her physician's office due to the stress of the Defendant's treatment of her.

24.    On or about October 20, 2019, Plaintiff met with her manager to provide her physician's note to support her need for the headphones, as well as to discuss the status of her requests for closed captioning, working from home, possibly transitioning to a different department, and time off to care for herself.  Defendant still did not have new headphones for Plaintiff, had not providing closed captioning of the training or client video products, refused Plaintiff's request to work from home, and refused to transition Plaintiff to a different department.

25.    On or about October 23, 2019, Defendant gave an Employee Written Warning to Plaintiff for excessive absences that should have been covered by her FMLA.

26.    On or about October 28, 2019, resigned due to Defendant's restrictive FMLA approval and for giving written warnings to Plaintiff for excessive absences that should have been protected by the FMLA.

27.    Plaintiff exercised her rights under the FMLA by requesting FMLA.

28.    By giving written warnings to Plaintiff for her absences, Defendant violated Plaintiff's rights under the FMLA.

4

## COUNT I – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

29.     Plaintiff realleges and readopts the allegations of paragraphs 1-6, 10, 12-17, and 20-28 of this Complaint, as though fully set forth herein.

30.     Plaintiff is a member of a protected class under the ADA.

31.     Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

32.     Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted her to perform all of the essential functions of job with Defendant.

33.     Defendant's actions were willful and done with malice.

34.     Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     That this Court enter an injunction restraining continued violation of the ADA;

d)     Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e)     Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f)     Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g)      Any other compensatory damages, including emotional distress, allowable at law;

h)      Punitive damages;

i)      Prejudgment interest on all monetary recovery obtained;

j)      All costs and attorney's fees incurred in prosecuting these claims; and

k)      For such further relief as this Court deems just and equitable.

## COUNT II – ADA RETALIATION

35.     Plaintiff realleges and readopts the allegations of paragraphs 1-6, 10, 12-17, and 20-28 of this Complaint, as though fully set forth herein.

36.     As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

37.     Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations including headphones, closed captioning, leave of absences, and/or the ability to work from home.

38.     Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by refusing and/or denying all of Plaintiff's requests for reasonable accommodations.

39.     Defendant's actions were willful and done with malice.

40.     The adverse employment action that Defendant took against Plaintiff was material.

41.     Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

6

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d)      That this Court enter an injunction restraining continued violation of the ADA;

e)      Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)      Reinstatement of Plaintiff to a position comparable to  prior position, or in the alternative, front pay;

g)      Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)      Any other compensatory damages, including emotional distress, allowable at law;

i)      Punitive damages;

j)      Prejudgment interest on all monetary recovery obtained;

k)      All costs and attorney's fees incurred in prosecuting these claims; and

l)      For such further relief as this Court deems just and equitable.

## <u>COUNT III – FCRA VIOLATION</u>
### (HANDICAP DISCRIMINATION)

42.     Plaintiff realleges and readopts the allegations of paragraphs 1-6, 11, 12-17, and

20-28 of this Complaint, as though fully set forth herein.

43.     Plaintiff is a member of a protected class under the FCRA.

44.     Plaintiff was subjected to disparate treatment on the basis of handicap,

disability, and/or perceived handicap/disability.

45.     Defendant's actions were willful and done with malice.

46.     Plaintiff was injured due to Defendant's violations of the FCRA, for which

Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     Compensation for lost wages, benefits, and other remuneration;

d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior

position, or in the alternative, front pay;

e)     Any other compensatory damages, including emotional distress,

allowable at law;

f)     Punitive damages;

g)     Prejudgment interest on all monetary recovery obtained.

h)     All costs and attorney's fees incurred in prosecuting these claims; and

i)     For such further relief as this Court deems just and equitable.

## COUNT IV—FCRA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

47.     Plaintiff realleges and readopts the allegations of Paragraphs 1-6, 11, 12-17, and 20-28 of this Complaint, as though fully set forth herein.

48.     Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

49.     Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

50.     Defendant's actions were willful and done with malice.

51.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issues and that this Court take jurisdiction over the case;

c)      An injunction restraining continued violation of  the law enumerated herein;

d)      Compensation for lost wages, benefits, and other remuneration;

e)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)      Compensatory damages, including emotional distress, allowable at law;

g)      Punitive damages;

h)      Prejudgment interest on all monetary recovery obtained;

i)      All costs and attorney's fees incurred in prosecuting these claims; and

j)      For such further relief as this Court deems just and equitable.

## COUNT V– FCRA RETALIATION

52.     Plaintiff realleges and readopts the allegations of paragraphs 1-6, 11, 12-17, and 20-28 of this Complaint, as though fully set forth herein.

53.     Plaintiff is a member of a protected class under the FCRA.

54.     Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

55.     Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

56.     Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of Plaintiff's job with Defendant.

57.     Defendant's actions were willful and done with malice.

58.     Defendant took material adverse action against Plaintiff.

59.     Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)     That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising  rights under the FCRA;

     d)      Compensation for lost wages, benefits, and other remuneration;

     e)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

     f)      Front pay;

     g)      Any other compensatory damages, including emotional distress, allowable at law;

     h)      Punitive damages;

     i)      Prejudgment interest on all monetary recovery obtained.

     j)      All costs and attorney's fees incurred in prosecuting these claims; and

     k)      For such further relief as this Court deems just and equitable.

## COUNT VI – FMLA RETALIATION

60.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-9, 12-14, 18-19, and 20-28 of this Complaint, as fully set forth herein.

61.    Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

62.    Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

63.    Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by writing up Plaintiff for excessive absences.

64.    Defendant's actions were willful and done with malice.

65.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**_WHEREFORE_**, Plaintiff demands:

a)      That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

b)      An injunction restraining continued violation of the FMLA by Defendant ;

c)      Compensation for lost wages, benefits, and other remuneration;

d)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

e)      Front pay;

f)      Liquidated Damages;

g)      Prejudgment interest on all monetary recovery obtained;

h)      All costs and attorney's fees incurred in prosecuting these claims; and

i)      For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 2nd day of November, 2020.

/s/ Brandon J. Hill
**BRANDON J. HILL**
Florida Bar Number: 0037061
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-337-7992
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**